

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 15, 1967

Mrs. Marie Hudson Winters
Firemen's Pension Commissioner
1010 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. M-24

Re: Whether a fireman is
entitled to participate
in the Firemen's Re-
lief and Retirement
Fund under the stated
facts.

Dear Mrs. Winters:

You have requested the opinion of this office regard-
ing the above question, and in this connection you have submitted
the following facts:

"Houston has a fireman who resigned from
the Fire Department August 19, 1965. He re-
entered the Houston Fire Department October
12, 1966, an absence of more than one year.
This fireman first entered the Houston Fire
Department November 8, 1955. At that time
he was 31 years of age."

In determining the proper answer to your question, we
must first look to Section 10E(d), Article 6243e, Vernon's
Civil Statutes, which reads, in part, as follows:

"Each person who shall hereafter become
a fireman in any such city which has a Fire-
men's Relief and Retirement Fund in which he is
eligible for membership, shall become a member
of such Fund as a condition of his appointment,
and shall by acceptance of such position agree
to make and shall make contributions required
under this Act of members of such Fund, and
shall participate in the benefits of membership
in such Fund as provided in this Act; provided,
however, that no person shall be eligible to
membership in any such Fund who is more than
thirty (30) years of age at the time he first
enters service as a fireman; and provided fur-
ther, that any such person who enters service

- 103 -

as a fireman may be denied or excused from
membership in the Fund if the Board of Trustees
of the Fund determines that such person is not
of sound health. . . ." (Emphasis added.)

The above Section was enacted in 1963, and amended in
1965. At the time of the subject fireman's initial entry into
service, there was no age limitation for participation in the
Firemen's Relief and Retirement Fund. In 1963 the fireman in
question was a fully participating member of the Firemen's
Relief and Retirement Fund. The statute, by its terms, did
not, and does not, apply retroactively, but is directed at
persons who first entered service after the effective date of
the act. We note from the fact situation submitted by you that
the fireman in question has had an interruption in his service
of something over one year. Thus, his re-entry into the service
does not constitute a first entry into service. The words of
the statute are clear, and there is nothing to indicate a con-
trary construction. You are therefore advised that it is the
opinion of this office that the said fireman is fully entitled
to participate in the Firemen's Relief and Retirement Fund as a
regular member of his city's Fire Department.

### S U M M A R Y

Under the submitted facts, Article 6243e, Sec-
tion 10E(d), V.C.S. does not bar the fireman in
question from participation in the Firemen's
Relief and Retirement Fund of his city's Fire
Department.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Reeves
Z. T. Fortescue
Alan Minter
Dyer Moore
STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.